BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

**FILED**

FEB - 6 2012


CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No. 2:12-CR-0025 MCE |
| Plaintiff, | **PLEA AND GLOBAL RESOLUTION AGREEMENT** |
| v. | |
| STANCIL ENTERPRISES, INC., | |
| JOSEPH STANCIL, and | |
| DANIEL MATHIS | |
| Defendants. | |

## I.
## INTRODUCTION

**A.    Scope of Agreement**: The information in this case charges the defendant with violations of Title 18, United States Code section 371, specifically conspiracy to aid and abet structuring under Title 31, United States Code section 5324(a). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant, STANCIL ENTERPRISES, INC. regarding this case, and a global resolution agreement between the government, STANCIL ENTERPRISES, INC., and defendants JOSEPH STANCIL and DANIEL MATHIS in respect to the allegations

1  made in the factual basis attached as Exhibit A and the information in this case. This agreement
2  further binds third party DORALEE STANCIL as specifically set forth herein, and as reflected by
3  her execution of this agreement. This agreement is limited to the United States Attorney's Office
4  for the Eastern District of California and cannot bind any other federal, state, or local prosecuting,
5  administrative, or regulatory authorities.

6  **B.   Court Not a Party**: The Court is not a party to this agreement. Sentencing is a
7  matter solely within the discretion of the Court, the Court is under no obligation to accept any
8  recommendations made by the government, and the Court may in its discretion impose any
9  sentence it deems appropriate up to and including the statutory maximum stated in this
10 agreement. If the Court should impose any sentence up to the maximum established by the
11 statute, STANCIL ENTERPRISES, INC. cannot, for that reason alone, withdraw its guilty plea,
12 and it will remain bound to fulfill all of the obligations under this agreement. STANCIL
13 ENTERPRISES, INC. understands that neither the prosecutor, defense counsel, nor the Court can
14 make a binding prediction or promise regarding the sentence it will receive.

## II.
## DEFENDANT'S OBLIGATIONS

17 **A.   Guilty Plea**: STANCIL ENTERPRISES, INC. will plead guilty to all counts in
18 the Information. STANCIL ENTERPRISES, INC. agrees that it is in fact guilty of these charges
19 and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

20     **1.   Waiver of Indictment**: STANCIL ENTERPRISES, INC. agrees that, at
21 the entry of plea proceeding, it will sign a written waiver of prosecution by indictment and
22 consent to proceed by information rather than by indictment.

23     **2.   Corporate Resolution**: Concurrent with its execution of this agreement,
24 STANCIL ENTERPRISES, INC., will provide the government with a corporate resolution
25 meeting all requirements of applicable law for validity authorizing JOSEPH STANCIL to enter
26 into this agreement on its behalf and to act in any manner necessary to effect the terms of this
27 agreement on STANCIL ENTERPRISES, INC.'s behalf including without limitation executing
28

this agreement and speaking for STANCIL ENTERPRISES, INC. during any related court proceeding, as needed.

   B.   **Fine**: STANCIL ENTERPRISES, INC. agrees to pay a criminal fine as ordered by the Court within 30 days of the judgment in this matter. STANCIL ENTERPRISES, INC. understands that this agreement is voidable by the government if it fails to pay the fine as required by this agreement.

   C.   **Special Assessment**: STANCIL ENTERPRISES, INC. agrees to pay a special assessment of $400 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. STANCIL ENTERPRISES, INC. understands that this agreement is voidable by the government if it fails to pay the assessment prior to that hearing.

   D.   **Forfeiture**:

   STANCIL ENTERPRISES, INC. agrees to forfeit to the United States voluntarily and immediately all of their right, title, and interest to any and all assets subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(1) and Fed. R. Cr. P. 32.2(b). Those assets include, but are not limited to, the following:

      a.   A money judgment in the mount of $428,589.30

   STANCIL ENTERPRISES, INC. agrees that the listed asset constitutes property involved in violations of 31 U.S.C. § 5324(a)(1), (2), and (3), and any property traceable thereto.

   STANCIL ENTERPRISES, INC. stipulates and agrees that the $5,173.45 in U.S. Currency seized from Wells Fargo Bank Account Number 3444347300, seized by the Internal Revenue Service on or about November 19, 2009, shall be applied to the above-listed money judgment.

   STANCIL ENTERPRISES, INC. agrees that the remaining $423,415.85 of the above-listed money judgment shall be paid on or before the expiration of the 30th day following entry of judgment relating to STANCIL ENTERPRISES, INC. Payment should be made in the form of a cashiers check made payable to the U.S. Department of Treasury and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. Prior to

1  the imposition of sentence, any funds delivered to the United States to satisfy the personal money
2  judgment shall be seized and held by the Internal Revenue Service, in its secure custody and
3  control.
4        STANCIL ENTERPRISES, INC. agrees to fully assist the government in the forfeiture of
5  the listed asset and to take whatever steps are necessary to pass clear title to the United States.
6  The defendant shall not sell, transfer, convey, or otherwise dispose of any of its assets.
7        STANCIL ENTERPRISES, INC. agrees not to file a claim to any of the listed property in
8  any civil proceeding, administrative or judicial, which may be initiated. STANCIL
9  ENTERPRISES, INC. agrees to waive its right to notice of any forfeiture proceeding involving
10 this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture
11 proceeding.
12       STANCIL ENTERPRISES, INC. knowingly and voluntarily waives the notice provision
13 of Fed. R. Crim. P. 32.2(a) and waives its right to a jury trial on the forfeiture of the above-listed
14 asset. STANCIL ENTERPRISES, INC. knowingly and voluntarily waives all constitutional,
15 legal and equitable defenses to the forfeiture of this asset. STANCIL ENTERPRISES, INC.
16 agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth
17 Amendment to the United States Constitution, including any claim of excessive fine, to the
18 forfeiture of the above-listed assets by the United States, the State of California or its
19 subdivisions.
20       STANCIL ENTERPRISES, INC. waives oral pronouncement of forfeiture at the time of
21 sentencing, and any defects that may pertain to the forfeiture. STANCIL ENTERPRISES, INC.
22 further agrees that it will not attempt to discharge, in any present or future bankruptcy proceeding,
23 any forfeiture judgment imposed by the Court.

### III.
### OBLIGATIONS OF STANCIL, MATHIS, and DORALEE STANCIL

26     **A.**     **Pretrial Diversion**: JOSEPH STANCIL and DANIEL MATHIS agree to enter
27 into a pretrial diversion agreement with the government following review of the case by Pretrial
28

4

1 Services and its acceptance of STANCIL and MATHIS as appropriate candidates for the
2 program.
3       **B.**    **Waiver of Indictment**: JOSEPH STANCIL and DANIEL MATHIS agree to
4 execute a written waiver of prosecution by indictment and consent to proceed by information
5 rather than by indictment.
6       **C.**    **Guarantee of Forfeiture and Fine Payment**: JOSEPH STANCIL agrees to act
7 as a guarantor of all payments, whether forfeiture or fine, required of STANCIL ENTERPRISES,
8 INC. as a result of this agreement. JOSEPH STANCIL agrees that the Probation Officer and the
9 Court may take into consideration his personal assets however held or titled, including separately
10 held or community property, when determining STANCIL ENTERPRISES, INC.'s ability to pay
11 a fine in this case pursuant to the terms of United States Sentencing Guideline sections 8C2.2
12 through 8C2.4. JOSEPH STANCIL further agrees that, in the event that STANCIL
13 ENTERPRISES, INC. and JOSEPH STANCIL fail to make payment of the criminal fine and/or
14 to forfeit the property as agreed herein, he waives any claim that his assets, separately held or
15 community property, are not appropriately subject to legal action to enforce this agreement and
16 agrees that for such purposes he is an alter ego for the corporation.
17       **D.**    **Related Civil Forfeiture Case**: JOSEPH STANCIL and DORALEE STANCIL
18 filed claims resulting in related civil case 2:10-MC-00046 regarding $5,173.45 in U.S. currency
19 seized from Wells Fargo bank account number ending 7300. That case is related to the facts and
20 circumstances giving rise to the instant agreement. JOSEPH STANCIL and DORALEE
21 STANCIL agree to take all necessary steps to transfer all rights and interests in the seized funds
22 to the United States as part of the forfeiture judgment incurred by STANCIL ENTERPRISES,
23 INC.
24       **E.**    **Waiver of Statutes**: Notwithstanding the agreement in paragraph IV.A. that the
25 government will move to dismiss counts against JOSEPH STANCIL and DANIEL MATHIS, if
26 STANCIL ENTERPRISES, INC. ever attempts to vacate its plea, dismiss the underlying charges,
27 or reduce or set aside its sentence on any of the counts to which it is pleading guilty, or if
28 JOSEPH STANCIL and DANIEL MATHIS do not successfully complete their terms of pretrial

diversion, the government shall have the right: (1) to prosecute STANCIL ENTERPRISES, INC. on any of the counts to which it pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement against JOSEPH STANCIL and DANIEL MATHIS; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, JOSEPH STANCIL and DANIEL MATHIS agree to waive any objections, motions, and defenses each might have to the government's decision. In particular, JOSEPH STANCIL and DANIEL MATHIS agree not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

## IV.
## THE GOVERNMENT'S OBLIGATIONS

**A.** **Charges Against Others**: In the event that co-defendants JOSEPH STANCIL and DANIEL MATHIS successfully complete deferred prosecution, and STANCIL ENTERPRISES, INC. meets all of its obligations under this agreement, the government agrees not to bring charges related to the activities in the information against any other person or entity, with the exception of the depositors of the cash alleged in the indictment or the principals for whom the cash was deposited. If and when STANCIL and MATHIS successfully complete their terms of pretrial diversion, the government will dismiss the charges against them.

**B.** **Recommendations**:

**1.** **Acceptance of Responsibility**: If the United States Probation Office determines that a three-level reduction in STANCIL ENTERPRISES, INC.'s offense level for its full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under § 3E1.1(b), so long as STANCIL ENTERPRISES, INC. pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the

meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

## V.
## ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which STANCIL ENTERPRISES, INC. is pleading guilty, Conspiracy to Aid and Abet Evading Reporting Requirements:

First, there was an agreement between two or more persons to commit the crime of aiding and abetting the evasion of reporting requirements of Title 31, United States Code Section 5313(a), an act made criminal under Title 31, United States Code Section 5324(a);

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of committing a violation of Title 31, United States Code section 5324(a) are as follows:

First, that a person caused or attempted to cause a domestic financial institution to fail to file a report required under Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section by (a) causing or attempting to cause a domestic financial institution to fail to file a report required under section 5313(a), (b) causing or attempting to cause a domestic financial institution to file a report required under section 5313(a) containing a material omission or misstatement of fact; or (c) structuring or assisting in structuring or attempting to structure or assist in structuring, any transaction with one or more domestic financial institutions;

Second, that the defendant knew of the reporting requirement; and

Third, that the defendant acted for the purpose of avoiding the reporting requirement, or that it knowingly and intentionally aided and abetted others in evading or attempting to evade the reporting requirements.

# VI.
# MAXIMUM SENTENCE

The maximum sentence that the Court can impose is a fine of $500,000 and a special assessment of $400.

# VII.
# SENTENCING DETERMINATION

A. **Statutory Authority**: STANCIL ENTERPRISES, INC. understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. STANCIL ENTERPRISES, INC. understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. STANCIL ENTERPRISES, INC. further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. STANCIL ENTERPRISES, INC. further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Stipulations Affecting Guidelines Calculation**: The government and STANCIL ENTERPRISES, INC. agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

  1. Base Offense Level:      6 (USSG 2S1.3(a)(6))
  2. Loss Adjustments:        +14 (USSG 2S1.3(a)(6), 2B1.1)
  3. Other Adjustments:       +2 (USSG 2S1.3(b)(1)),
                              +2 (USSG 2S1.3(b)(2))
  3. Adjusted Offense Level:  24

8

4. Acceptance of Responsibility: See paragraph III(B)(2) above

5. Departures or Other Enhancements or Reductions: The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties stipulate and agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

## VIII.
## WAIVERS

**A.    Waiver of Constitutional Rights**: STANCIL ENTERPRISES, INC. understands that by pleading guilty it is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on its behalf; (e) to confront and cross-examine witnesses against it; and (f) not to be compelled to incriminate itself.

**B.    Waiver of Appeal and Collateral Attack**: STANCIL ENTERPRISES, INC. understands that the law gives it a right to appeal its conviction and sentence. It agrees as part of its plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as its sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables. It specifically gives up its right to appeal any order of restitution the Court may impose.

Regardless of the sentence it receives, STANCIL ENTERPRISES, INC. also gives up any right it may have to bring a post-appeal attack on its conviction or its sentence. It specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking its conviction or sentence.

Notwithstanding the agreement in paragraph IV.A. above that the government will move to dismiss counts against STANCIL ENTERPRISES, INC., if STANCIL ENTERPRISES, INC. ever attempts to vacate its plea, dismiss the underlying charges, or reduce or set aside its sentence

9

1   on any of the counts to which it is pleading guilty, the government shall have the right (1) to
2   prosecute STANCIL ENTERPRISES, INC. on any of the counts to which it pleaded guilty; (2) to
3   reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new
4   charges that would otherwise be barred by this agreement. The decision to pursue any or all of
5   these options is solely in the discretion of the United States Attorney's Office. By signing this
6   agreement, STANCIL ENTERPRISES, INC. agrees to waive any objections, motions, and
7   defenses it might have to the government's decision. In particular, it agrees not to raise any
8   objections based on the passage of time with respect to such counts including, but not limited to,
9   any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial
10   Clause of the Sixth Amendment.

11       **C.**     **Waiver of Attorneys' Fees and Costs**: STANCIL ENTERPRISES, INC.,
12   JOSEPH STANCIL, and DANIEL MATHIS agree to waive all rights under the "Hyde
13   Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other
14   litigation expenses in connection with the investigation and prosecution of all charges in the
15   above-captioned matter and of any related allegations (including without limitation any charges to
16   be dismissed pursuant to this agreement and any charges previously dismissed).

## IX.
## ENTIRE PLEA AGREEMENT

    Other than this agreement, no agreement, understanding, promise, or condition between the government and STANCIL ENTERPRISES, INC., JOSEPH STANCIL, and DANIEL MATHIS exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by STANCIL ENTERPRISES, INC., JOSEPH STANCIL, and DANIEL MATHIS, counsel for STANCIL ENTERPRISES, INC., JOSEPH STANCIL, and DANIEL MATHIS, and counsel for the United States.

## X.
## APPROVALS AND SIGNATURES

    **A.**     **Counsel for STANCIL ENTERPRISES, INC., JOSEPH STANCIL, and DORALEE STANCIL**: I have read this plea agreement and have discussed it fully with my clients, STANCIL ENTERPRISES, INC., DORALEE STANCIL, and JOSEPH STANCIL. The

10

plea and global resolution agreement accurately and completely sets forth the entirety of the agreement. I concur in my client STANCIL ENTERPRISES, INC.'s decision to plead guilty as set forth in this plea agreement.

DATED: 1-31-2012

Donald H. Heller
Attorney for STANCIL ENTERPRISES, INC.,
JOSEPH STANCIL, and DORALEE
STANCIL

**B.** **STANCIL ENTERPRISES, INC.:** I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED:

STANCIL ENTERPRISES, INC.,
Defendant, by its authorized corporate officer,
JOSEPH STANCIL

**C.** **JOSEPH STANCIL:** I have read this agreement and carefully reviewed every part of it with my attorney. I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to this case. No other promises or inducements have been made to me, other than those contained in this agreement. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this case. I hereby agree to act as a guarantor of all payments, whether forfeiture or fine, imposed as a result of this agreement. I agree that the Probation Officer and the Court may take into consideration my personal assets, separately held or community property, when determining STANCIL ENTERPRISES, INC.'s ability to pay a fine in this case pursuant to the terms of United States Sentencing Guideline sections 8C2.2 through 8C2.4, and that such assets will be made available to the government as recourse in the event that STANCIL ENTERPRISES, INC. fails to pay the forfeiture judgment

and fine imposed by the Court within 30 days of the sentencing in this matter. While I agree with all of the terms set forth in this agreement as they pertain to me, I specifically also agree under the terms of section III.D, above, not to raise any objections based on the passage of time with respect to counts reinstated, as outlined in section III.D including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

DATED:  _____
JOSEPH STANCIL

D. **DORALEE STANCIL:** I understand that my husband has agreed to act as guarantor of the funds to be paid under this agreement both for forfeiture and a criminal penalty to be paid by STANCIL ENTERPRISES, INC. I agree that community property assets of myself and my spouse, JOSEPH STANCIL, will be made available to the government as recourse in the event that STANCIL ENTERPRISES, INC. fails to pay the forfeiture judgment and fine imposed by the Court within 30 days of the sentencing in this matter. I further understand that I have a right to consult with independent counsel in respect to waiving my community property rights in respect to this matter and hereby waive said right to consult with independent counsel and agree that community property assets of myself and my spouse JOSEPH STANCIL will be made available as recourse in the event that STANCIL ENTERPRISES, INC. fails to pay the forfeiture judgment and fine imposed by the court within 30 days of the sentencing in this matter.

DATED:  _____
DORALEE STANCIL

E. **Counsel for DANIEL MATHIS:** I have read this plea agreement and have discussed it fully with my client, DANIEL MATHIS. The plea agreement accurately and completely sets forth the entirety of the agreement.

DATED:  _____
MARK REICHEL
Attorney for DANIEL MATHIS

F. **DANIEL MATHIS:** I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. No other promises or inducements have been made to me, other than those contained in this agreement. In addition, no

and fine imposed by the Court within 30 days of the sentencing in this matter. While I agree with all of the terms set forth in this agreement as they pertain to me, I specifically also agree under the terms of section III.D, above, not to raise any objections based on the passage of time with respect to counts reinstated, as outlined in section III.D including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

DATED: _____
                              JOSEPH STANCIL

   D.   **DORALEE STANCIL:**   I understand that my husband has agreed to act as guarantor of the funds to be paid under this agreement both for forfeiture and a criminal penalty to be paid by STANCIL ENTERPRISES, INC. I agree that community property assets of myself and my spouse, JOSEPH STANCIL, will be made available to the government as recourse in the event that STANCIL ENTERPRISES, INC. fails to pay the forfeiture judgment and fine imposed by the Court within 30 days of the sentencing in this matter. I further understand that I have a right to consult with independent counsel in respect to waiving my community property rights in respect to this matter and hereby waive said right to consult with independent counsel and agree that community property assets of myself and my spouse JOSEPH STANCIL will be made available as recourse in the event that STANCIL ENTERPRISES, INC. fails to pay the forfeiture judgment and fine imposed by the court within 30 days of the sentencing in this matter.

DATED: _____
                              DORALEE STANCIL

   E.   **Counsel for DANIEL MATHIS:** I have read this plea agreement and have discussed it fully with my client, DANIEL MATHIS. The plea agreement accurately and completely sets forth the entirety of the agreement.

DATED: 2-2-12                 _____/s/_____
                              MARK REICHEL
                              Attorney for DANIEL MATHIS

   F.   **DANIEL MATHIS:** I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. No other promises or inducements have been made to me, other than those contained in this agreement. In addition, no

one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this case. While I agree with all of the terms set forth in this agreement as they pertain to me, I specifically also agree under the terms of section III.D, above, not to raise any objections based on the passage of time with respect to counts reinstated, as outlined in section III.D including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

DATED: 2/2/12

DANIEL MATHIS

G. **Attorney for United States**: I accept and agree to this plea agreement on behalf of the government.

DATED: 2/12/2012

BENJAMIN B. WAGNER
United States Attorney

By: 

JEAN M. HOBLER
Assistant United States Attorney

# EXHIBIT "A"
## Factual Basis for Plea

From in or before September 2008 and continuing to and through August 2009 (the "relevant period"), STANCIL ENTERPRISES, INC. was a corporation organized and existing under the laws of the State of California.

During the relevant period:

- STANCIL ENTERPRISES, INC. had its principal place of business in Placerville, California, in the State and Eastern District of California;

- STANCIL ENTERPRISES, INC. was engaged in the sale of planes, generally Cessnas, in the United States to domestic and foreign buyers.

- STANCIL ENTERPRISES, INC. had one shareholder, JOSEPH STANCIL.

- Joseph Stancil was the president and ran the day to day operations of STANCIL ENTERPRISES, INC.

- DANIEL MATHIS was a salesperson for STANCIL ENTERPRISES, INC.

- STANCIL ENTERPRISES, INC. maintained bank accounts at Wells Fargo.

- STANCIL ENTERPRISES, INC. was a non-financial trade or business.

- STANCIL ENTERPRISES, INC. by and through its agents was aware of the currency transaction reporting requirements for financial institutions and were similarly aware of currency reporting requirements for non-financial trades or businesses.

- Specifically, STANCIL ENTERPRISES, INC. by and through its agents knew that:

    - It was required to report the receipt of cash in amounts exceeding $10,000 that related to a single transaction, i.e., plane sale unless such cash was required to be reported by a financial institution.

    - A financial institution is not required to report cash transactions of less than $10,000 a day, unless it has knowledge that multiple transactions are made by or on behalf of any person that aggregate to over $10,000 in a day.

During the relevant period, Stancil Enterprises, Inc. and its agents sold multiple planes in exchange for cash structured into Stancil Enterprises, Inc. bank accounts. Stancil Enterprises, Inc. tracked deposits into its accounts by these purchasers, requiring the purchasers to alert Stancil Enterprises, Inc. of the deposits and which plane sales the deposits related to. Often the purchasers faxed cash deposit tickets to Stancil Enterprises, Inc. as proof to ensure credit for the

1  payment. STANCIL ENTERPRISES, INC. and its agents believed the purchasers to be Mexican
2  and the deposited cash to be derived from the illegal trafficking of narcotics. Stancil Enterprises,
3  Inc. knew that the buyers of the planes were structuring cash into its account in increments of less
4  than $10,000 in order to avoid reporting requirements, knew that the financial institution could
5  not have any knowledge of the relationship of the transactions to a specific buyer or plane, and
6  for the purpose of effecting the sales both assisted or attempted to assist in the structuring by
7  permitting the use of its accounts and by refraining from filing required reporting for cash over
8  $10,000 received by a non-financial trade or business.
9        In or about November 2009, an undercover agent with the Internal Revenue Service made
10 contact with JOSEPH STANCIL and advised STANCIL that the agent wished to purchase a
11 plane for his son with cash and asked for advice on how to accomplish that without having any
12 reports filed on the cash transaction. STANCIL's response indicated that he understood that the
13 fictional son was engaged in drug trafficking activity in Mexico, specifically marijuana.
14 STANCIL proceeded to advise the agent how "the Mexicans" did it, depositing cash in
15 increments into STANCIL ENTERPRISES, INC. accounts. STANCIL and the undercover agent
16 proceeded into the office of DANIEL MATHIS, who advised the agent about the Form 8300
17 reporting requirement and advised STANCIL that they got away with not reporting "the
18 Mexicans" because no one had ever "hassled" STANCIL ENTERPRISES, INC. about the issue.
19       Specifically, during the relevant time period, Stancil Enterprises, Inc. received
20 $428,589.30 in structured funds in relation to six plane sales, each with a separate buyer. The
21 specific transactions are outlined in the table below:
22
23

| Buyer | Amount | Acct. | Date | BRANCH LOCATION | TIME |
|---|---|---|---|---|---|
| F.N.C. | 9,000.00 | -4408 | 9/10/2008 | | |
| F.N.C. | 8,000.00 | -4408 | 9/10/2008 | | |
| F.N.C. | 7,000.00 | -4408 | 9/10/2008 | | |
| F.N.C. | 9,500.00 | -4408 | 9/12/2008 | | |
| F.N.C. | 9,000.00 | -4408 | 9/12/2008 | | |
| L.C. | 4,795.00 | -4408 | 9/17/2008 | | |
| R.M.C. | 5,000.00 | -4408 | 11/3/2008 | 7191 E Golf Links Rd, Tucson, AZ | |

A-2

| Buyer | Amount | Acct. | Date | BRANCH LOCATION | TIME |
|---|---|---|---|---|---|
| N.R.B.S. | 5,000.00 | -4408 | 11/5/2008 | 637 E San Ysidro Blvd, San Ysidro, CA | |
| R.M.C. | 6,000.00 | -4408 | 11/7/2008 | 9082 W Glendale Ave, Glendale AZ | |
| R.M.C. | 9,200.00 | -4408 | 11/12/2008 | 321 W Mariposa Rd, Nogales, AZ | |
| R.M.C. | 9,000.00 | -4408 | 11/14/2008 | 115 N Grand Ave, Nogales, AZ | |
| R.M.C. | 7,500.00 | -4408 | 11/17/2008 | 115 N Grand Ave, Nogales, AZ | |
| R.M.C. | 6,800.00 | -4408 | 11/19/2008 | 9082 W Glendale Ave, Glendale AZ | |
| R.M.C. | 6,000.00 | -4408 | 11/19/2008 | 115 N Grand Ave, Nogales, AZ | |
| R.M.C. | 5,500.00 | -4408 | 11/20/2008 | 115 N Grand Ave, Nogales, AZ | |
| R.M.C. | 2,500.00 | -4408 | 11/20/2008 | 2265 Otay Lakes Rd, Chula Vista, CA | |
| R.M.C. | 5,000.00 | -4408 | 11/21/2008 | 115 N Grand Ave, Nogales, AZ | |
| R.M.C. | 4,000.00 | -4408 | 11/21/2008 | 321 W Mariposa Rd, Nogales, AZ | |
| R.M.C. | 4,000.00 | -4408 | 11/24/2008 | 115 N Grand Ave, Nogales, AZ | |
| R.M.C. | 4,000.00 | -4408 | 12/3/2008 | 115 N Grand Ave, Nogales, AZ | |
| R.M.C. | 9,000.00 | -4408 | 12/5/2008 | 115 N Grand Ave, Nogales, AZ | |
| L.C. | 8,500.00 | -7300 | 3/16/2009 | 1224 Broadway Ste A, Placerville, CA | |
| L.C. | 9,000.00 | -4408 | 3/17/2009 | 11305 S Crenshaw Blvd, Inglewood, CA | |
| L.C. | 8,119.30 | -4408 | 3/18/2009 | 1902 W Rosecrans Ave, Compton, CA | |
| N.R.B.S. | 7,000.00 | -4408 | 3/24/2009 | 16175 Sierra Lakes Pkwy, Fontana, CA | |
| N.R.B.S. | 7,000.00 | -4408 | 3/24/2009 | 16175 Sierra Lakes Pkwy, Fontana, CA | |
| N.R.B.S. | 7,000.00 | -4408 | 3/24/2009 | 16175 Sierra Lakes Pkwy, Fontana, CA | |
| N.R.B.S. | 8,000.00 | -4408 | 3/25/2009 | 12727 Van Nuys Blvd, Pacoima, CA | |
| N.R.B.S. | 5,000.00 | -4408 | 3/25/2009 | 16175 Sierra Lakes Pkwy, Fontana, CA | |
| N.R.B.S. | 9,500.00 | -4408 | 3/30/2009 | 5458 E Whittier Blvd, Los Angeles, CA | |
| N.R.B.S. | 9,500.00 | -4408 | 3/30/2009 | 8737 Wash. Blvd, Pico Rivera, CA | |
| N.R.B.S. | 9,500.00 | -4408 | 3/30/2009 | 777 W Whittier Blvd, Los Angeles, CA | |
| N.R.B.S. | 7,500.00 | -4408 | 3/30/2009 | 777 W Whittier Blvd, Los Angeles, CA | |

| Buyer | Amount | Acct. | Date | BRANCH LOCATION | TIME |
|---|---|---|---|---|---|
| N.R.B.S. | 9,000.00 | -4408 | 3/31/2009 | 8737 Wash. Blvd, Pico Rivera, CA | |
| N.R.B.S. | 9,000.00 | -4408 | 4/16/2009 | 807 N Maclay Ave, San Fernando, CA | |
| N.R.B.S. | 9,000.00 | -4408 | 4/16/2009 | 12727 Van Nuys Blvd, Pacoima, CA | |
| N.R.B.S. | 2,300.00 | -7300 | 4/20/2009 | 1224 Broadway Ste A, Placerville, CA | |
| N.R.B.S. | 6,705.00 | -4408 | 4/21/2009 | 1224 Broadway Ste A, Placerville, CA | |
| AGG | 9,000.00 | -4408 | 8/13/2009 | 7630 W Thomas Rd, Phoenix, AZ | |
| L.A.H.B | 9,000.00 | -4408 | 8/14/2009 | 24439 Crenshaw Blvd, Torrance, CA | 2:29 PM |
| AGG | 5,000.00 | -4408 | 8/14/2009 | 6601 W Indian School Rd, Phoenix, AZ | 11:50 AM |
| L.A.H.B | 9,000.00 | -4408 | 8/17/2009 | 24439 Crenshaw Blvd, Torrance, CA | 10:27 AM |
| AGG | 9,050.00 | -4408 | 8/19/2009 | 24439 Crenshaw Blvd, Torrance, CA | 2:20 PM |
| AGG | 3,620.00 | -4408 | 8/20/2009 | 24439 Crenshaw Blvd, Torrance, CA | 11:39 AM |
| L.A.H.B | 9,500.00 | -4408 | 8/21/2009 | 5701 S Eastern Ave, Commerce, CA | 1:42 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/21/2009 | 5701 S Eastern Ave, Commerce, CA | 2:44 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/21/2009 | 1144 E Florence Ave, Los Angeles, CA | 3:27 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/21/2009 | 11305 S Crenshaw Blvd, Inglewood, CA | 4:59 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/21/2009 | 8345 Firestone Blvd, Downey, CA | 5:31 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/21/2009 | 9323 E Firestone Blvd, Downey, CA | 5:47 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/25/2009 | 11305 S Crenshaw Blvd, Inglewood, CA | 1:47 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/25/2009 | 1144 E Florence Ave, Los Angeles, CA | 2:30 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/25/2009 | 1221 W Redondo Beach Blvd #B, Gardena, CA | 4:00 PM |
| L.A.H.B | 9,500.00 | -4408 | 8/27/2009 | 1221 W Redondo Beach Blvd #B, Gardena, CA | 9:29 AM |
| L.A.H.B | 9,500.00 | -4408 | 8/27/2009 | 11305 S Crenshaw Blvd, Inglewood, CA | 9:52 AM |
| L.A.H.B | 2,500.00 | -4408 | 8/27/2009 | 141 W Adams Blvd, Los Angeles, CA | 10:39 AM |
| L.A.H.B | 9,500.00 | -4408 | 8/27/2009 | 1144 E Florence Ave, Los Angeles, CA | 10:58 AM |
| *Total* | *428,589.30* | | | | |